**\*NOT FOR PUBLICATION\***

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARK RITCHIE, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-683 (JLL) |
| | : | |
| v. | : | |
| | : | |
| HUDSON COUNTY CORR. CENTER, et al., | : | OPINION |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

**MARK RITCHIE**, Plaintiff pro se
254320
Hudson County Correctional Center
35 Hackensack Avenue
S. Kearny, N.J. 07032

**LINARES**, District Judge

　　Plaintiff Mark Ritchie ("Plaintiff") seeks to bring this action in forma pauperis.  Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

　　At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed. Plaintiff's request for pro bono counsel will be dismissed as moot.

**I. BACKGROUND**

Plaintiff, incarcerated at Hudson County Correctional Center in South Kearny, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Hudson County Correctional Center and Dr. Parks. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On or about December 21, 2011, Plaintiff was seen by the medical department at the Hudson County Correctional Center and they ordered that Plaintiff be given a bottom bunk because he was having back problems. About a week later, Plaintiff fell from the top bunk and re-injured his back. As a result, he was placed in the medical ward. While in the medical ward, Plaintiff fell in the shower, further injuring his back and head. Plaintiff alleges that he fell due to the fact that there were no railings in the shower. Plaintiff further alleges that he asked Dr. Parks for tramadol to treat his back injury, a medication he had been receiving before his incarceration, but Dr. Parks refused to prescribe it for him.

Plaintiff requests that the Court reward him "with some sort

of relief for his injuries."

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court

examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  F<small>ED</small>.R.C<small>IV</small>.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S.Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See Iqbal, 129 S.Ct. at 1949-50.  See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1. Correctional Facility**

Plaintiff has named Hudson County Correctional Center as a defendant in this action. A jail is not a "person" amenable to suit under 42 U.S.C. § 1983. See Marsden v. Federal BOP, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County

Jail, 814 F.Supp. 757, 758 (N.D.Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 893-94 (E.D.Va. 1992) (local jail not a "person" under § 1983); Vance v. County of Santa Clara, 928 F.Supp. 993, 995 (N.D.Cal. 1996) (county department of corrections is an agency of the county and cannot be sued separately from the county under § 1983); Mayes v. Elrod, 470 F.Supp. 1188, 1192 (N.D.Ill. 1979) (county department of corrections not a suable entity separate from the county). Accordingly, all claims against Hudson County Correctional Center will be dismissed with prejudice.

**2. Dr. Parks**

Pre-trial detainees and convicted but unsentenced prisoners retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. See Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 (3d Cir. 2000). Analysis of whether such a detainee or unsentenced prisoner has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Hubbard, 399 F.3d at 157-60, 164-67; Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to

6

> punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law....
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention....
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees....

441 U.S. at 535-39 (citations omitted). The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not,

without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." 441 U.S. at 540. With respect to medical care and prison conditions, however, pretrial detainees retain at least those constitutional rights enjoyed by convicted prisoners. Bell v. Wolfish, 441 U.S. at 545; Hubbard, 399 F.3d at 165-66; Natale, 318 F.3d at 581-82; Kost v. Kozakiewicz, 1 F.3d 176, 187-88 (3d Cir. 1993).

Here, Plaintiff has failed to allege any facts suggesting intent to punish in connection with either the top bunk or the decision by Dr. Parks not to provide Plaintiff with the prescription medicine he wanted. Nor do the facts alleged reflect that the incidents complained of arose out of any arbitrary or purposeless policies or practices. The Complaint fails to state a claim for deprivation of Plaintiff's due process rights.

### III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court

will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[1]  Plaintiff's request for pro bono counsel is dismissed as moot.  An appropriate order follows.

Dated: August 24, 2012

                                                S/ Jose L. Linares
                                                JOSE L. LINARES
                                                United States District Judge

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.